UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:22-cr-19 (JXN) |
| v. | : | |
|  | : | OPINION |
| DANIEL GARRIDO, | : | |
| Defendant. | : | |

**NEALS**, District Judge:

Currently pending before the Court is Defendant Daniel Garrido's motion to compel the government to produce discovery and material under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963) [ECF No. 26]. The government has filed opposition [ECF No. 30], to which Defendant has replied [ECF No. 31]. The Court has carefully considered the parties' submissions and decides the matter without oral argument. For the reasons stated herein, Defendant's motion to compel [ECF No. 26] is **DENIED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant is a Special Agent with the Internal Revenue Service, Criminal Investigations ("IRS-CI"). The misdemeanor charge against Defendant in this case involves allegations that he assaulted a fellow IRS-CI Special Agent (the "Alleged Incident") during a social event at a restaurant on August 15, 2017 (the "August 15 Event" or "Gathering") in violation of 18 U.S.C. § 111(a)(1). The government alleges that the attendees of the August 15 Event were "on-duty" and, thus, that the Alleged Incident took place while the complainant was "engaged in and on account of the performance of official duties." *Id.*

While interviewing witnesses, Defendant's counsel learned that several witnesses who were at the August 15 Event saw Defendant and the complainant but did not see anything like what the complainant alleges happened in plain view in front of the other attendees. ECF No. 26-7 at 4.[1] These witnesses also state that the August 15 Event was not an official IRS event but rather was a social gathering at which most of the attendees were "off duty" and drinking. *Id.* Defendant contends that statements to the government and grand jury testimony by these witnesses denying that the Alleged Incident occurred and corroborating that the August 15 Event was a social gathering is very clearly material that is relevant to the defense under Rule 16 and *Brady* material that must be disclosed to the defendant immediately. *Id.* Defendant further contends that these statements undermine the essential elements of the offense charged and go directly to the heart of Defendant's defense.

Based on this information, Defendant moves to compel the government to produce the following categories of information: (1) memoranda of interviews containing witness statements that the witness(es) did not observe the sexual assault of the Victim or about the Gathering; (2) grand jury testimony containing statements that the witness(es) did not observe the sexual assault of the Victim or about the Gathering; and (3) any determinations of the grand jury. In the alternative, Defendant requests "that the Court conduct an *in camera* review of the requested materials to determine whether they are discoverable or contain *Brady* material." ECF No. 26-7 at 9 n.2

In response, the Government contends that the requested materials either do not exist, are not discoverable under *Brady* or Rule 16, or are not discoverable at this time.

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

**II.     DISCUSSION**

In his motion for discovery, Defendant seeks the following categories of information: (1) memoranda of interviews containing witness statements that the witness(es) did not observe the sexual assault of the Victim or about the Gathering; (2) grand jury testimony containing statements that the witness(es) did not observe the sexual assault of the Victim or about the Gathering; and (3) any determinations of the grand jury. The Court will address each of these requests under the relevant legal authority in turn.

   A. *Brady Material*

Defendant moves to compel the government to comply with its discovery obligations pursuant to *Brady*. *See* ECF No. 26-7.

The Government has an obligation to disclose information to a defendant that is material to guilt or punishment. *United States v. Santos*, No. 18-585, 2020 WL 134578, at *9 (D.N.J. Jan. 13, 2020) (citing *Brady*, 373 U.S. at 87). The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence may be material for *Brady* purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence. *United States v. Gill*, 297 F.3d 93, 104 (2d Cir. 2002).

Here, Defendant is charged with violating 18 U.S.C. § 111(a)(1). Under Section 111(a)(1), the government must prove beyond a reasonable doubt that the defendant "forcibly assault[ed], resist[ed], oppose[d], impede[d], intimidate[d], or interfere[d] with" the complainant while she was performing her duties. *See* 18 U.S.C. § 111(a)(1). Defendant contends that, in the course of interviewing and preparing a defense, he learned that witnesses provided statements to the government and the grand jury, which undermines an essential element of the charged offense. *See* ECF No. 26-7 at 11. Specifically, Defendant claims that:

> we believe witnesses provided statements to the government and the grand jury indicating, among other things, that (1) the August 15 Event was a social event, not a required official on-duty assignment; and (2) they were present at the August 15 Event, observed and interacted with both Mr. Garrido and the complainant, were in close enough proximity to both Mr. Garrido and the complainant to observe the Alleged Incident if it happened, but did not observe any inappropriate interaction, much less the Alleged Incident as described by the complainant.

ECF No. 26-7 at 4. Defendant argues that that these statements "undermine the factual premise that the August 15 Event was an official on-duty event and thereby undermines an essential element of the offense." *Id.* at 11.

In response, the government argues that it "does not possess information from witnesses that they were present at the Gathering, were in a 'good position to observe the event' between the defendant and the Victim, but did not observe conduct consistent with an assault." ECF No. 30 at 9. The government, however, acknowledges that "one or more witnesses have indicated to the government that they, for example, did not witness, could not observe or do not recall interactions between the defendant and the Victim." *Id.* Defendant argues that these statements are "highly relevant and exculpatory." ECF No. 31 at 4. More specifically, Defendant argues that "statements by a witness that they were at the August 15 Event but did not see the Alleged Incident as described by the complainant are highly relevant and exculpatory." *Id.* Thus, Defendant seeks "disclosure of only those statements from witnesses that attended the August 15 Event." *Id.* at 5.

Nevertheless, the government contends that the information Defendant seeks is not exculpatory or material and that Defendant is trying to use *Brady* as a discovery tool to circumvent the limitations on disclosure of witness statements, reports of investigation and grand jury testimony that are well established. *Id.* at 11. The government submits that it has already provided Defendant with voluminous discovery and that it "understands and will comply with its continuing obligation to produce any exculpatory material as defined by *Brady* and its progeny, and, before

4

trial, the government will produce to the defendant witness statements pursuant to 18 U.S.C. § 3500, as well as potential impeachment materials pursuant to *Giglio*." *Id.* at 12.

Given the government's representation that it does not possess the information Defendant seeks and that it "understands and will comply with its continuing obligation to produce any exculpatory material as defined by *Brady* and its progeny, and, before trial, the government will produce to the defendant witness statements pursuant to 18 U.S.C. § 3500, as well as potential impeachment materials pursuant to *Giglio*," ECF No. 30 at 12, Defendant's motion to compel the production of *Brady* material is denied as moot. *See United States v. Graham*, No. CR 21-645 (WJM), 2022 WL 4132488, at *5 (D.N.J. Sept. 12, 2022) (denying the defendant's request to compel the government to disclose *Brady* material when the government represented that "as to any exculpatory material that comes into its possession, it has and will continue to abide by its obligations under [*Brady*] and [*Giglio*] and will voluntarily disclose any *Giglio* material well before trial."); *see also Santos*, 2020 WL 134578, at *9 (denying the defendant's motion to produce certain materials under *Brady* as moot because government represented that it "understands its *Brady* obligations and will fully comply with them," including "promptly disclos[ing] to [Defendants] all exculpatory evidence in its possession that is material to guilt in sufficient time for its use at trial.")

Notwithstanding the above, to the extent that the government is in possession of discoverable material that fall within the areas of disclosure covered by *Brady* and have not been produced by the government, including grand jury testimony, the government is directed to promptly "disclose" that information to Defendant and comply with its discovery obligations. *See United States v. Five Persons*, 472 F. Supp. 64, 69 (D.N.J. 1979) ("Disclosing the *Brady* information is required no matter what the form in which the government learned it, and even

though the 'statement' itself need not be turned over."); *see also id.* (explaining that Jencks Act statements must be disclosed if the "statement" contains information within the *Brady* principle.); *United States v. Gerace*, 2020 WL 4227990 (W.D.N.Y. 2020) ("The Government is obligated to disclose any grand jury testimony that constitutes 3500, *Brady* or *Giglio* material.").

Finally, in favor of transparency and full disclosure, the government is directed to disclose the names of the witnesses that have indicated to the government that they were at the August 15 event but did not witness, could not observe or do not recall interactions between Defendant and the complainant. Identifying the witnesses will allow Defendant to investigate and determine whether any witness possesses exculpatory information that should be produced by the government. Should Defendant determine that a witness does possess information covered by *Brady*, the parties are directed to meet and confer and discuss production of said discovery.

B. <u>Rule 16 Discovery</u>

Defendant moves for discovery pursuant to Federal Rule of Criminal Procedure 16. *See* ECF No. 26-7 at 9. Rule 16(a) requires the government to disclose certain evidence and information upon request of a defendant. While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the government's case against him." *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974). Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the government; (2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Federal Rules of Evidence 702, 703 and 705. *See* Fed. R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal government documents made by an attorney

for the government or other government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Here, the government responds that Defendant's request for memorandums of investigation and transcripts of prospective government witnesses' grand jury testimony or witness accounts as recorded in memorandum of investigation are barred by Rule 16(a)(2), and the Court agrees. Moreover, the government represents that it has "provided the defendant with voluminous discovery pursuant to Rule 16 (totaling hundreds of pages), has made productions of materials that are beyond the scope of Rule 16, including in response to specific requests by the defendant, and has also provided the defendant with additional materials that are potentially (though not in fact) exculpatory." ECF No. 30 at 12. The government further represents that it is aware of its discovery obligations and will comply with its continuing obligation to produce discovery. *Id.*

Based upon all of the representations made by the government, Defendant's request for discovery pursuant to Rule 16 is denied as moot. The government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

C. *Grand Jury Determinations*

Defendant moves for discovery of grand jury records. *See* ECF No. 26-7 at 14. Although it is not clear, it appears that Defendant seeks grand jury testimony and information related to a grand jury vote. *Id*. at 14-15.

Disclosure of grand jury material is contrary to the "'long established policy that maintains the secrecy of grand jury proceedings in the federal courts.'" *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958)). The Supreme Court has observed grand jury secrecy is "older than our Nation itself." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959). "Since the 17th

7

century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye . . .. The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9 (1979). This general rule of grand jury secrecy is now codified in Rule 6(e) of the Federal Rules of Criminal Procedure. *Id.* Rule 6(e) applies "not only to information drawn from transcripts of grand jury proceedings, but also to anything which may reveal what occurred before the grand jury." *In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir. 1982).

> Rule 6(e)(3)(C) authorizes disclosure by court order and states, in pertinent part:
>
> Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—(i) when so directed by the court preliminarily to or in connection with a judicial proceeding; [or] (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury . . ..

*Id.* The party moving for court-ordered disclosure bears a heavy burden of demonstrating (1) "the material [he or she] seek[s] is needed to avoid a possible injustice in another judicial proceeding," (2) "the need for disclosure is greater than the need for continued secrecy" and (3) "[the] request is structured to cover only material so needed." *United States v. Blackwell*, 954 F. Supp. 944, 965 (D.N.J. 1997) (citing *Douglas*, 441 U.S. at 222).

Here, Defendant offers no evidence or compelling argument to justify the disclosure of any grand jury vote. Accordingly, Defendant's motion in this regard is denied. With regard to Defendant's motion to compel grand jury testimony, the government has represented that it will comply with its discovery obligation and produce *Brady* and *Giglio* material, and any witness statements pursuant to 18 U.S.C. § 3500. *See* ECF No. 30 at 12. The Court has further directed the government to promptly disclose grand jury testimony in its possession that falls within the

areas of disclosure covered by *Brady*. *See supra* IIA. Accordingly, Defendant's motion to compel grand jury testimony is denied as moot.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to compel [ECF No. 26] is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: January 17, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge